[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION FOR MODIFICATION
The marriage of the parties was dissolved on April 6, 1993 (Glass, J.), wherein the defendant was ordered to pay child support for two minor children of the parties. At the time of the dissolution, the defendant was well-employed, earning a base salary of Sixty-eight Thousand ($68,000.00) Dollars per year. In 1992, he had received a bonus of Twenty Thousand (20,000.00) Dollars, which is relevant on the motion to modify from the perspective of the defendant's voluntary termination of his employment.
In January of 1993, the defendant was given a raise to a base salary of Seventy-five Thousand ($75,000.00) Dollars, and yet testified that he became dissatisfied with that employment because he was denied stock options, and that he was passed over for promotion. He resigned from his employment, mid-year in 1993, shortly after the decree had been entered and began a new business, knowing the extent of his obligations to support his family. In addition to the orders of support for the children, the defendant had obligated himself, by his stipulation, which became the order of the Court as its judgment, to pay 38.64% of the net bonus paid to him as a result of his employment, for a period of five (5) years post-judgment. He had received a bonus in 1992, and the stipulation, as a whole, provided additional support by way of CT Page 10564 non-taxable alimony to the wife. By terminating his employment voluntarily, he subverted the order of the court.
The minor child of the parties, Lauren, decided to live with her father, and this court ordered that that issue be mediated with the help of family services. Lauren is currently thirteen (13) years old. An older sibling, Jennifer, remains living in mother's home primarily. While this is a "split custody" arrangement currently for guidelines purposes, it also is a question of earning capacity, and the defendant father's misuse of property earmarked for the children in the decree, which he concedes he used to pay current child support amounts.
The defendant agrees that he withdrew and utilized Thirteen Thousand, Three Hundred Nine and 70/100 ($13,309.70) Dollars from a 401K plan, which had been designated to be saved for the children for their education. The plaintiff also paid Six Hundred Forty-one ($641.00) Dollars to the IRS on behalf of the Defendant. He concedes that he owes her that amount. The Defendant also was ordered to pay counsel fees in the amount of Two Thousand Five Hundred ($2,500.00) Dollars to plaintiff's trial counsel, which remains unpaid.
Based upon the record of defendant's employment, and the level of income at the time of the dissolution, this court finds that his termination of his employment was voluntary and unadvisable. The court will determine child support on the basis of his demonstrated ability to earn, or at the level of Seventy-five Thousand ($75,000.00) Dollars per year. Child support in that event, even accounting for "split custody" is determined to be One Hundred Forty-five ($145.00) Dollars per week in current support.
The court further will deviate from the child support guidelines with respect to the agreed-upon arrearage of Nine Thousand, Seven Hundred Sixty-five ($9,765.00) Dollars. Pursuant of Section 46b-215a-5(a) and (b) of the guidelines regulation, this court finds that it would be inequitable to allow defendant's conduct to be rewarded by adhering to the computations of the guidelines. This court orders that he pay the sum of CT Page 10565 Fifty-five ($55.00) Dollars on said arrearage per week.
The Motion to Modify is granted, and the defendant shall pay the sum of Two Hundred ($200.00) Dollars per week commencing September 22, 1994.
DRANGINIS, J.